Tammy Hussin (Bar No. 155290)
Lemberg & Associates LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorney for Plaintiffs, Mischelle and Preston Andres

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Mischelle and Preston Andres,<br><br>Plaintiffs,<br><br>vs.<br><br>NCO Financial Systems, Inc.; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV11 08493 JEM<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 ET. SEQ;**<br>**2. VIOLATION OF FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788 ET. SEQ.**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT FOR DAMAGES

For this Complaint, the Plaintiffs, Mischelle and Preston Andres, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiffs, Mischelle Andres and Preston Andres (hereafter "Plaintiffs"), are adult individuals residing at 5411 North Paramount Boulevard, Apartment 206, Long Beach, California 90805, and are each a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, NCO Financial Systems, Inc. ("NCO"), is a business entity with an address of 507 Prudential Road, Horsham, Pennsylvania 19044, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by NCO and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. NCO at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8. A financial obligation (the "Debt") was allegedly incurred to creditor (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to NCO for collection, or NCO was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. NCO Engages in Harassment and Abusive Tactics

12. Within the last year, the Defendants contacted the Plaintiffs in an attempt to collect the Debt, which belonged to Plaintiff's deceased mother (the "Debtor").

13. During the initial conversation and during every contact thereafter, Plaintiffs notified NCO that the Debtor had been deceased for ten years and further requested NCO to cease all collection attempts.

14. NCO acknowledged that the Debtor was deceased and informed Plaintiffs that it would continue to contact Plaintiffs until such time as the Debt was paid despite Plaintiffs' repeated requests to cease communications.

15. NCO thereafter caused Plaintiffs' phone to ring at an excessive rate, placing daily calls to Plaintiffs' residential phone line, sometimes up to five times in a rapid succession of one another. This created a great amount of distress for Plaintiffs.

16. NCO failed to identify itself and further failed to inform Plaintiffs that the communication was an attempt to collect the Debt and all information obtained would be used for that purpose.

17. NCO used a loud and aggressive language with Plaintiffs in an effort to intimidate Plaintiffs into making immediate payment, often times yelling at Plaintiffs and arguing with them.

C. **Plaintiffs Suffered Actual Damages**

18. Plaintiffs have suffered and continue to suffer actual damages as a result of the NCO's unlawful conduct.

19. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

20. The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.

21. The Plaintiffs incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

23. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

24. The Defendants placed calls to the Plaintiffs without disclosing the identity of the debt collection agency, in violation of 15 U.S.C. § 1692d(6).

25. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

26. The Defendants failed to inform the consumer that the communication was an attempt to collect a debt, in violation of 15 U.S.C. § 1692e(11).

27. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

28. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 et seq.

29. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. The Rosenthal Fair Debt Collection Practices Act, California Civil Code section 1788 et seq. ("Rosenthal Act") prohibits unfair and deceptive acts and practices in the collection of consumer debts.

31. NCO Financial Systems, Inc., in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

32. The Defendants used obscene and profane language when speaking with the Plaintiffs, in violation of Cal. Civ. Code § 1788.11(a).

33. The Defendants did not disclose the identity of the debt collection agency when communicating with the Plaintiffs, in violation of Cal. Civ. Code § 1788.11(b).

34. The Defendants caused a telephone to ring repeatedly and engaged the Plaintiffs in continuous conversations with an intent to annoy the Plaintiffs, in violation of Cal. Civ. Code § 1788.11(d).

35. The Defendants communicated with the Plaintiffs with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

36. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

37. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

38. The Plaintiff s are entitled to damages as a result of the Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

   A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

   B. Statutory damages of $1,000.00 for each Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

   C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

E. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

F. Actual damages from the Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

G. Punitive damages; and

H. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: October 13, 2011     TAMMY HUSSIN

By: */s/ Tammy Hussin*
Tammy Hussin
Lemberg & Associates, LLC
Attorney for Plaintiffs, Mischelle and Preston Andres